UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18- 01158 |
| DEFENDANT NO. 1: $4,000.00 IN UNITED STATES CURRENCY, More or less; | ) ) ) ) |
| DEFENDANT NO. 2: $3,900.00 IN UNITED STATES CURRENCY, More or less, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following property: $7,900.00 in U.S. Currency, more or less (hereinafter "defendant property"), for violations of 21 U.S.C. § 841.

## THE DEFENDANT IN REM

2. The defendant property consists of: $7,900.00 in United States currency, more or less, that was seized by the United States Postal Inspection Service on or about December 11, 2017 in a postal facility in Kansas City, Kansas on September 28, 2017. The currency is currently in the custody of the United States Marshal's Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial*. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

## DECLARATION

I, Paul Shade, Postal Inspector in the Kansas City Field Office of the Postal Inspection Service.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __31__ day of __MAY__, 2018.

_____
Paul Shade, Postal Inspector
U.S. Postal Inspection Service

4

PAGE 4/4 * RCVD AT 5/31/2018 6:03:23 PM [Eastern Daylight Time] * SVR:MANRFAX001/9 * DNIS:6514566508 * CSID:316-941-1407 * DURATION (mm-ss):01-08

## AFFIDAVIT

I, Paul Shade, being first duly sworn on oath, state as follows:

### AGENT INTRODUCTION AND BACKGROUND

1. I am a United States Postal Inspector with the United States Postal Inspection Service, and have been so employed since April, 2004. I am currently assigned to the Kansas City Field Office of the Postal Inspection Service and have experience enforcing federal mail and drug laws. This affidavit is based on my own personal knowledge and information given to me by other Postal Inspectors and other law enforcement personnel.

2. I received basic training for approximately 12 weeks from the United States Postal Inspection Service regarding individuals using the United States Mail to transport controlled substances and proceeds from the sale of controlled substances as well as the use of Postal Money Orders to launder the proceeds of controlled substances. I received formal training for one week in January, 2009, when I attended the United States Postal Inspection Service Narcotics training course in Potomac, Maryland. This training involved narcotic investigation techniques, chemical field testing, and training in the identification and detection of controlled substances and narcotic proceeds being transported in the United States Mail and other commercial carriers.

3. The U. S. Postal Inspection Service has implemented a parcel profile program targeting parcels mailed to and from areas of the United States which have been identified by law enforcement as being source areas for the distribution of controlled substances. The Kansas City Field Office Postal Inspection Service program consists of reviewing postal service records and a physical profile of Express and Priority Mail parcels and envelopes which have originated from

and/or have been received for delivery in the District of Kansas and Western District of Missouri.

## PROBABLE CAUSE

4. On December 4, 2017, Inspector Shade was notified of a parcel destined for an address in Hornbrook, CA that had received a large number (in excess of 100 parcels) from the Kansas City area. Inspector Shade contacted the Hornbrook CA post office and had the Subject Parcel 1 routed to my office. The Subject Parcel 1 was and identified as Priority mail piece "9505515214667331117864," addressed to "PO Box #301, Hornbrook, CA 96044" with a return address of "Apex CDL, C/O Matt Taylor, 6801 State Ave, Kansas City, KS 66102," was mailed on November 27, 2017 from Kansas City, KS Post Office 66112. Further, this parcel weighs approximately 9 ounces and bears $6.65 in postage ("Subject Parcel 1").

5. Based on my training and experience I know there are common characteristics used by individuals who traffic in illegal controlled substances via the U.S. Mail. The Subject Parcel contained several of these characteristics including:

   a. The Subject Parcel was mailed to a known illegal drug source distribution area (i.e., California).

   b. The Subject Parcel is similar is size and weight of previously seized parcels containing illegal narcotics or US Currency.

   c. The Subject Parcel's postage was paid with cash.

   d. The Subject Parcel does not require a signature upon delivery.

6. I queried the Subject Parcel's listed return address information (Apex CDL, C/O Matt Taylor, 6801 State Ave, Kansas City, KS 66102) in the CLEAR Law Enforcement

2

Database as well as the US Postal Service Address Management System. The address was identified as a valid address, and Apex CDL is listed as the company at that address. I queried the addressee information (PO Box #301, Hornbrook, CA 96044) in the CLEAR Law Enforcement Database and Jackie Snethen was identified as being the current owner of the PO Box per the Postal Manager.

7. On December 4, 2017, Subject Parcel 2 was also identified as being mailed to the same address from Kansas City. The Subject Parcel 2 was and identified as Priority mail piece "9505815214687338060841," addressed to "PO Box #301, Hornbrook, CA 96044" with a return address of "Apex CDL, C/O Matt Taylor, 6801 State Ave, Kansas City, KS 66102," was mailed on November 27, 2017 from Kansas City, KS Post Office 66112. Further, this parcel weighs approximately 8 ounces and bears $9.30 in postage ("Subject Parcel 1"). Subject Parcel 2 was also routed to my office.

8. Two additional parcels from a separate mailer in the Kansas City Area were also destined for the same PO Box and were routed to my office. (Subject Parcels 3 & 4)

9. On December 7, 2017 I was notified by the Supervisor (Robinson) of the Hornbrook Post Office that Josh Reno came into the post office inquiring about the subject parcels. He provided tracking numbers on each of them and gave his contact phone number as (713)592-2911.

10. On December 11, 2017 I contacted Detective Acton of the Kansas City Missouri Police Department and requested an exterior odor search at the Inspection Service Office in Overland Park KS. I placed the Subject Parcels in an area, where other similar empty boxes and postal envelopes were located in the facility. At approximately 1303, 1304, 1306 & 1307 hours, I observed Detective Acton and his certified narcotic canine, Bennett, search the area. I observed

3

Bennett search the area and then sat facing the Subject Parcels at the respective times. Detective Acton stated Bennett's actions indicated he had alerted to the Subject Parcels as containing a narcotic odor.

11. According to Detective Acton, Bennett is a seven year old, male Labrador Retriever. Bennett was first certified by the National Police Canine Associate in 2012. Bennett is trained to detect the odors of cocaine, marijuana, heroin, and methamphetamine. Bennett was last certified by the Kansas City, MO Police Department in April 2017. Since being certified, Bennett has recovered 727.59 pounds of marijuana, 24.79 pounds of cocaine, 50.78 pounds of methamphetamine, 1.3 pounds of heroin, 1.1 gallons PCP, 2633 units Ecstasy, and $280,160 in US Currency.

12. On December 11, 2017 I called the phone number given by Josh Reno and Jackie Snethen answered the phone. She indicated that she still receives mail at the PO Box 301 but that Josh Reno should not be receiving any mail there. She said that Reno was a former roommate that had moved out. Snethen had no idea why Reno would have provided her phone number to the post office. Snethen did not have a current phone number for Reno. Jackie Snethen was contacted via phone and denied knowledge of the packages and consented to a search of them.

13. A search of Subject Parcel 1 revealed $4000 cash concealed inside an envelope and bubble mailer, Subject Parcel 2 revealed $3900 cash concealed inside an envelope and bubble mailer as well. Subject Parcels 3 and 4 contained $9000 and $10800 respectively.

14. On December 12, 2017 at approximately 1130 hours I contacted Matt Taylor via phone at his place of business, Apex CDL. After identifying myself Taylor said "can we meet to discuss this" and "wondered if you'd be calling" and "didn't know if it was wrong." Taylor went on to explain that he had mailed both of the packages and knew there was a problem because he

4

was tracking them and knew that they had been held up. Taylor explained that he was approached by Josh Reno at a bar "Aftershock" in the KC area and Reno implied a threat regarding payment of an old debt of Taylor's father.

Taylor stated that Reno and his father were "business partners" which he later explained that they were in the drug business together. Reno said that Taylor's father still owed him $20,000 and that Taylor would have to pay because his father passed away. Taylor decided to repay some of the drug debt so he sent money from his family and his own in the amounts of $3900 and around $4000.

Taylor said he did not put any name on it because the address belongs to an old family friend Jackie Snethen and that Josh would access the PO Box with the key he still possessed when he was roommates with Snethen.

Taylor was asked if he has ever sent money to Snethen and he said "yes, $200 cash for the twins birthday in November."

I then re-contacted Snethen and asked if Taylor had ever sent cash to her, and she said "never, he mailed clothes and hats to the twins and birthday cards, never cash."

Further research revealed approximately 150+ additional mailings from Kansas City Metro area to the subject address in Hornbrook CA. Investigation is ongoing.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Paul Shade
United States Postal Inspector
United States Postal Inspection Service

Sworn to and subscribed before me on this ___31___ day of ~~April~~ 2018.
                                                          MAY  AS.
PERSONALLY APPEARED BEFORE ME ON MAY 31, 2018, PAUL BRIAN SHADE.

NOTARY PUBLIC -- State of Kansas
JOSEPH A. TIMMER
My Appt. Exp. 7/19/20